UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAKEENA R. FLORENCE,

          Plaintiff,

v.

          CASE NO. 2:22-cv-12299
          HON. GERSHWIN A. DRAIN

KILOLO KIJAKAZI, COMMISSIONER
OF SOCIAL SECURITY,

          Defendant.

_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#19], OVERRULING OBJECTIONS [#20], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#17], DENYING PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT [#16]**

## I. INTRODUCTION

Presently before the Court is Magistrate Judge Curtis Ivy, Jr.'s Report and Recommendation, dated May 16, 2023. In his Report and Recommendation, Magistrate Judge Ivy recommends that Plaintiff NaKeena R. Florence's Motion for Summary Judgment be denied and the Commissioner of the Social Security Administration's Motion for Summary Judgment be granted and the Commissioner's decision be affirmed.

1

On May 23, 2023, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. The Commissioner filed a Response to the Plaintiff's objections on May 25, 2023. For the reasons set forth below, the Court ACCEPTS and ADOPTS Magistrate Judge Ivy, Jr.'s Report and Recommendation, OVERRULES the Plaintiff's Objections, DENIES the Plaintiff's Motion for Summary Judgment, GRANTS the Defendant's Motion for Summary Judgment and AFFIRMS the Commissioner's decision.

## II. ANALYSIS

### A. Standards of Review

Title 28 U.S.C. § 636 sets forth the standard of review used by the Court when examining a report and recommendation. The Court, "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court has the power to, "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### B. Objections

#### 1. Plaintiff's First Objection

Plaintiff first filed an application for disability insurance benefits on June 25, 2013, and was found not disabled. Plaintiff filed her present application for disability insurance benefits on February 25, 2020, alleging disability beginning

2

August 12, 2018. In denying her second application for disability insurance benefits, the ALJ deviated from the first ALJ's RFC "[d]ue to intervening work activity and the receipt of additional medical records." The ALJ considered the new medical evidence, including the opinion of Plaintiff's treating physician, David Gordon, M.D, and provided reasons why the new medical and non-medical evidence did not support the prior RFC.

In her first objection, Plaintiff argues the Magistrate Judge misstated her position as to whether an ALJ's prior decision is controlling with regard to a plaintiff's RFC in a second application for disability insurance benefits. Contrary to Plaintiff's argument, the Magistrate Judge did not misstate her position, and he correctly concluded the ALJ's application of *Earley* to the circumstances of this case was not erroneous. *See Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018). *Earley* merely requires that when "an ALJ evaluates a subsequent application for benefits covering a distinct period of time, the ALJ can properly consider a previous ALJ's findings and errs only when he considers the previous findings a mandatory starting point for the analysis." *Johnson v. Comm'r of Soc. Sec.*, No. CV 20-11347, 2021 U.S. Dist. LEXIS 141522, at *4 (E.D. Mich. Jul. 29, 2021).

Here, the Magistrate Judge denoted that the ALJ expressly relied upon *Earley* and found the ALJ's decision was mindful of the prior ALJ's RFC finding,

3

which was not binding on the ALJ in any event. The Magistrate Judge also correctly found substantial evidence supports the ALJ's determination that the new medical evidence did not establish a diagnosis of carpal tunnel syndrome, and it did not support moderate limitations to handling and fingering. To the extent Plaintiff argues *Earley* requires the ALJ "to not only consider the prior ALJ findings, but also to do so explicitly and offer a significantly detailed explanation for the rationale behind any deviation from these prior findings[,]" such an argument is without merit. *Hunter v. Comm'r of Soc. Sec.*, No. 20-11388, 2022 U.S. Dist. LEXIS 61225 (E.D. Mich. Mar. 31, 2022) (noting a lack of case authority to support the plaintiff's contention that the ALJ is required to explain how the new evidence before him differed so much from what was available at the time the pervious ALJ reviewed the case[.]").

Moreover, the ALJ never found that EMG results were required to find that Plaintiff's carpal tunnel syndrome was a severe impairment (ECF No. 20, PageID.1720). Rather, the ALJ concluded that Dr. Gordon had described significant manipulative limitations even though Plaintiff's testing had not shown the existence of carpal tunnel syndrome (ECF No. 9-2, PageID.55), and he had only treated Plaintiff on two occasions. Thus, the doctor's opinion was not consistent with the evidence in the record. That was a proper basis for discounting his restrictions. 20 C.F.R. §§ 404.1520c(c)(2); 416.920c(c)(2). And while Dr.

Gordon may have indicated Plaintiff had various diagnoses (ECF No. 20, PageID.1720), a diagnosis does not establish a severe impairment, let alone functional limitations. *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) ("[D]isability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it.") (internal citation omitted). Additionally, Plaintiff relies on case law applying the previous version of the opinion regulations, but given she applied for benefits in February 2020, the current version of the regulation applies, 20 C.F.R. §§ 404.1520c, 416.920c, and under those regulations, treating physician opinions are not entitled to any deference. *Nasser v. Comm'r of Soc. Sec.,* No. 22-1293, 2022 WL 17348838, at *1 (6th Cir. Dec. 1, 2022) ("Under the revised regulations, applicable to this case, the opinions of treating physicians . . . are no longer entitled to special deference.") (internal citations omitted).

Plaintiff asserts that the conditions Dr. Gordon diagnosed "may also result in limitations" in her handling and fingering (ECF No. 20, PageID.1720), but Plaintiff must do more than allege possible but not definitive restrictions. 20 C.F.R. §§ 404.1545(a), 416.945(a). Lastly, the fact that Plaintiff has trigger points from fibromyalgia does not establish functional restrictions (ECF No. 20, PageID.1720), as it is merely one piece of evidence that can establish the condition is a medically determinable impairment. Social Security Ruling 12-2p, 2012 WL 3104869, at *2–

3 (July 25, 2012) (noting that 11 tender points on examination is one of several criteria from the 1990 American College of Rheumatologist's Criteria for the Classification of Fibromyalgia, which is used to determine if the condition is a medically determinable impairment).

For the foregoing reasons, Plaintiff's first objection is overruled.

### 2. Plaintiff's Second Objection

Plaintiff next objects that the Magistrate Judge erred by upholding the ALJ's RFC, even though the ALJ failed to reference medical evidence or medical opinions to support the RFC and instead substituted his own opinion. Contrary to Plaintiff's argument that the ALJ pointed to "no medical evidence, non-medical evidence or medical opinion evidence" establishing Plaintiff "can use her hands for handling and fingering on a frequent basis consistently in a work setting," the ALJ's entire decision was based on the additional records that were submitted given that all of the evidence post-dated the 2015 hearing decision. Specifically, the ALJ noted that Plaintiff often presented with normal upper extremity strength and normal range of motion, and that she had only one positive Tinel's and Phalen's sign testing, and one negative Tinel's sign testing on a later occasion. He further reviewed the new records to conclude that Plaintiff's fibromyalagia was being properly treated with medication, as well as considered her statements of limitations, but concluded her statements did not support her claims.

In light of the objective findings set forth in her medical records showing no moderate or severe limitations, and her ability to care for an infant, substantial evidence supports the ALJ's RFC in this case. For these reasons, Plaintiff's second objection is also overruled.

## III. CONCLUSION

Accordingly, the Court hereby ACCEPTS and ADOPTS Magistrate Judge Curtis Ivy, Jr.'s May 16, 2023 Report and Recommendation [#19], GRANTS Defendant's Motion for Summary Judgment [#17], and DENIES Plaintiff's Motion for Summary Judgment [#16]. Plaintiff's Objections are [#20] are OVERRULED. The Commissioner of Social Security's decision is AFFIRMED.

SO ORDERED.

Dated: May 31, 2023                 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 31, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager